# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| XIANG CHEN, | ) | |
| | ) | |
| Plaintiff Below/Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. S23M-02-026 RHR |
| | ) | |
| JOSE LUIS RODRIGUEZ-VELAZQUEZ, | ) | |
| HEBER CIFUENTES MUNOZ, and | ) | |
| NATIONAL GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants Below/Respondents. | ) | |

Submitted: March 28, 2023
Decided: May 10, 2023

*Upon Plaintiff Below/Petitioner's "Complaint for a Writ of Mandamus,"*
**DISMISSED.**

## ORDER

AND NOW, this 10th day of May, 2023, upon consideration of Xiang Chen's "Complaint for Writ of Mandamus,"[1] Defendants Jose Luis Rodriguez-Velazquez and Heber Cifuentes Munoz's Motion to Dismiss,[2] and the record in this case, it appears to the court that:

---

[1] Pet'r's Complaint for Writ of Mandamus, Feb. 9, 2023 (D.I. 1).
[2] Defs. Jose Luis Rodriguez-Velazquez and Heber Cifuentes Munoz's Mot. Dismiss, Mar. 2, 2023 ("Defs.' Mot. Dismiss") (D.I. 9).

1

1.     On or about May 12, 2022, Xiang Chen ("Petitioner") filed a civil action in Justice of the Peace Court 17 against Jose Luis Rodriguez-Velazquez, Heber Cifuentes Munoz, Emilita Roblero-Bartolon, and National General Insurance Company ("National General").[3] Petitioner's complaint sought payment and interest for property damage resulting from a motor vehicle accident.[4]

2.     During a pretrial conference, the Justice of the Peace Court continued the trial date because Jose Luis Rodriguez-Velazquez had not been served.[5] Several other pending motions were addressed and disposed of at this time as well.[6] The Justice of the Peace Court granted National General's motion to dismiss and informed Petitioner of his appeal rights. Petitioner did not appeal. The claims against the remaining defendants are still pending in the Justice of the Peace Court.[7]

3.     Petitioner now seeks a writ of mandamus pursuant to 10 *Del. C.* § 564. Petitioner asks this court to require the Justice of the Peace Court to reinstate National General,[8] determine that defendant Jose Luis Rodriguez-Velazquez was effectively served, enter summary judgment in Petitioner's favor, and award legal costs and damages.[9]

---

[3] Pet'r's Complaint for Writ of Mandamus ¶ 13.
[4] *Id.*
[5] Defs.' Mot. Dismiss ¶ 3.
[6] Defs.' Mot. Dismiss at 2 n.1.
[7] *Id.* ¶ 5.
[8] This court granted National General Insurance Company's motion to dismiss the writ of mandamus by Order dated March 14, 2023.
[9] Pet'r's Complaint for Writ of Mandamus.

4. When considering a motion to dismiss a petition for writ of mandamus, this court applies the traditional motion to dismiss standard. The court must determine if any set of facts exist which could be proven to support the claims made in the complaint such that the plaintiff would be entitled to relief.[10] In this court's review, it shall take all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.[11] "A writ of mandamus is a command that may be issued by the Superior Court to [a lower] court, public official or agency to compel the performance of a duty to which the petitioner has established a clear right."[12] This court seldom issues writs of mandamus and will only order the command if: i) the petitioner establishes a clear right to the performance of the duty; ii) that no adequate remedy is available; and iii) the lower court has arbitrarily failed or refused to perform its duty.[13] For acts that are clearly discretionary, a mandamus will not be issued.[14]

5. The Justice of the Peace Court determined that Petitioner's delivery of notice on Jose Luis Rodriguez-Velazquez's purported landlord failed to meet the service requirements. I will not second-guess that determination on a writ of

---

[10] Super. Ct. R. 12(b)(6).
[11] *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldg. LLC.*, 27 A.3d 531, 536-37 (Del. 2011).
[12] *Smith v. Henderson*, 2021 WL 4593385 at *1 (Del. Super. Oct. 5, 2021) (citations omitted).
[13] *Id.*
[14] *Id.*

mandamus. The requested relief is improper because Petitioner is not asking this court to enforce any mandatory duty to which he is owed.

6. The civil action against Jose Luis Rodriguez-Velazquez and Heber Cifuentes Munoz is still pending in the Justice of the Peace Court. Petitioner has failed to show any evidence of an arbitrary refusal or failure to act in this case. Once the case is completed in the Justice of the Peace Court, the Petitioner may appeal if there are any perceived errors. A writ of mandamus while a case is still pending is not an appropriate means to correct any errors.

7. This court finds Petitioner has failed to state a claim upon which relief can be granted under Superior Court Civil Rule 12(b)(6) and fails to show how he is entitled to relief pursuant to 10 *Del. C.* § 564. Therefore, there is no need to address Petitioner's request for summary judgment, costs, and damages.

8. Therefore, Jose Luis Rodriguez-Velazquez and Heber Cifuentes Munoz's Motion to Dismiss Petitioner's Writ of Mandamus is **GRANTED.**

**IT IS SO ORDERED.**

*/s/Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge

cc: File & ServeXpress